UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. SOSA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0068 JAM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

Plaintiff is a state prisoner at Pelican Bay State Prison (PBSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a request for appointment of counsel.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that plaintiff's request to proceed in forma pauperis be denied under 28 U.S.C. § 1915(g) ("three strikes" rule), and that plaintiff be directed to submit the full filing fee ($400.00)[1]

////

---

[1] The full fee includes the $350.00 filing fee and the $50.00 administrative fee. In contrast, plaintiffs proceeding in forma pauperis need not pay the $50.00 administrative fee.

1

in order to proceed with this action.  The court denies plaintiff's request for appointment of counsel as premature.

    II.    <u>Plaintiff is a Three-Strikes Litigant</u>

        A.    <u>Legal Standards</u>

Under 28 U.S.C. § 1915, a federal court may authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit demonstrating that he or she is unable to pay such fees.  However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A "three-strikes litigant" under this provision is precluded from proceeding in forma pauperis in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. <u>See</u> 28 U.S.C. § 1915(g); <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real, proximate, <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, <u>Andrews</u>, 493 F.3d at1056.  Allegations that are overly speculative or fanciful may be rejected.  <u>Id.</u> at 1057 n.11.  Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception. . . . Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing." <u>Id.</u> at 1055.

        B.    <u>Findings that Plaintiff is a Three-Strikes Litigant</u>

Review of court records[2] demonstrates that plaintiff has previously been designated a "three-strikes litigant" under 28 U.S.C. § 1915(g), on the ground that three or more of plaintiff's prior federal actions were dismissed because they were frivolous, malicious, or failed to state a

---

[2] This court may take judicial notice of its own records and the records of other courts.  <u>See</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980); <u>see also</u> Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

claim upon which relief may be granted. In 2012, three of plaintiff's cases filed in this court so identified plaintiff, each based on the same three prior dismissals. See Moten v. Allison, Case No. 1:12-cv-00034 AWI GSA (PC) (E.D. Cal. Feb. 16, 2012) (ECF No. 7 at 2 n.1); Moten v. Adams, Case No. 1:07-cv-00924 AWI MJS (PC) (E.D. Cal. Aug. 13, 2012) (ECF Nos. 86, 84), and Moten v. Allison, Case No. AWI JLT (PC) (E.D. Cal. July 6, 2012) (ECF Nos. 22, 15). As summarized in the latter case, ECF No. 15 at 3:

> [T]he Court takes judicial notice that at least three previous actions filed by Plaintiff have been dismissed as frivolous or for failure to state a claim. . . . On June 12, 2001, in Moten v. Renwick, 2:98-cv-00118-LKK-DAD-PC (E.D. Cal.), the District Court dismissed Plaintiff's action for failure to state a claim, as none of the four causes of action in his Fourth Amended Complaint stated facts sufficient to constitute a constitutional claim. On November 23, 2004, in Moten v. Giurbino, 3:04-cv-01891-L-JMA (S.D. Cal.), the District Court dismissed the action for failure to state a claim. Additionally, on September 18, 2006, in Moten v. Gomez, 2:03-cv-01729-GEB-DAD-PC, 2006 U.S. Dist. LEXIS 67081 (E.D. Cal.), the District Court dismissed Plaintiff's action as frivolous and for failure to state a claim because his claims merely duplicated claims the court had previously rejected in previous cases filed by Plaintiff.

The undersigned has reviewed each of the cited cases and concurs that their dismissals come within the scope of 28 U.S.C. § 1915(g). Accordingly, plaintiff is precluded from proceeding in forma pauperis in the instant action unless the complaint demonstrates that plaintiff was under imminent danger of serious physical injury when he filed the complaint. See 28 U.S.C. 1915(g).

### C. Plaintiff's Allegations

The complaint, which identifies eleven named defendants (all correctional staff at California State Prison Solano (CSP-SOL)) and twenty "Doe" defendants, initially and broadly alleges, ECF No. 8 at 1-2 (sic):

> [D]efendants' acts and omissions were [retaliatory] unnecessary and unjustified that intentionally violated plaintiff's due process procedural rights, redress, equal protection rights of being safeguarded by classifications (reckless endangerment) abuse of authority and adverse actions of punishment by (violation of Informational Practice Act) deliberate and reckless indifference that resulted in a adverse transfer (generalized risk/safety risk and pervasive risk) which placed him in hardship (180 Prison Design) re-endorsed at another prison (PBSP) that resulted in denial of any property for 3-months, failed health care needs, and heightened reasons for threats of violence, or murder without good cause.

3

> These acts by defendants violated plaintiff's rights by the California Departmental rules and regulations under the color of state law which will be at all times mentioned herein this civil action.

The complaint alleges that plaintiff was transferred from CSP-SOL to PBSP (from a medium security to maximum security prison) in retaliation for exercising his First Amendment rights, based on false rules violation reports (RVRs) and procedurally flawed disciplinary hearings. Plaintiff alleges that his transfer to PBSP violated his rights to due process, equal protection, and the exercise of his First Amendment rights; that his maximum security incarceration at PBSP is cruel and unusual punishment in violation of the Eighth Amendment; that the transfer resulted in the deprivation of plaintiff's property for a period of three months; and the transfer has deprived plaintiff of contact with his family and the pursuit of his religious studies.

The only allegations of the complaint potentially relevant to the "imminent danger" exception under Section 1915(g) are that defendant CSP-SOL correctional officer Wymer, acting in retaliation against plaintiff for the exercise of his First Amendment rights, "lab[eled] plaintiff as a 'snitch-rat' in order to expose plaintiff to emotional, or physical harm from other prisoners, thus, deliberate indifference to plaintiff's safety and health." ECF No. 8 at 17; see also id. at 18 (CSP-SOL Appeals Office "violated plaintiff's First Amendment right to pursue redress through the prison appeal process without machinations, misrepresentation, or intimidation in that with deliberate indifference to plaintiff's safety and health, [] they knowing[ly] exposed plaintiff to physical harm, emotional trauma, or harm at the hands of others by ignoring plaintiff's claims that defendant Wymer was labeling plaintiff as a snitch-rat"). Plaintiff alleges that defendant Wymer told plaintiff after an April 2015 disciplinary hearing based on an RVR issued by Wymer that "this is what you get for 'snitching.'" Id. at 15. Plaintiff also alleges, summarily, that he was "sexually harassed by defendant" Wymer. Id. Plaintiff seeks, inter alia, $750,000 compensatory damages, $1,200,000 punitive damages, and "injunctive relief from further actions by defendants for taking civil action and that plaintiff['s] classification record be corrected and first action be vacated, and reassign plaintiff for 2TOP Program (Cognitive Behavior) Mentor Training, at Solano." Id. at 18-9 (sic).

4

### D. Plaintiff Does Not Satisfy The Imminent Danger Exception

The undersigned finds that plaintiff has failed to plausibly allege he was under imminent danger of serious physical injury when he filed the instant complaint. The allegation that defendant Wymer's name-calling "*exposed* plaintiff to emotional, or physical harm from other prisoners," ECF No. 8 at 17 (emphasis added), without facts establishing actual or impending harm, is merely speculative; it conveys neither an imminent nor proximate danger. Cf. Ciarpaglini, 352 F.3d at 330; Andrews, 493 F.3d at1057 n.11. This assessment is underscored by plaintiff's allegation that the name calling occurred or commenced in April 2015, more than a year before plaintiff filed his complaint in November 2016. It is also underscored by the prospective injunctive relief plaintiff seeks in this case, viz., his return to CSP-SOL (defendant Wymer's place of employment). As for plaintiff's cursory allegations of "sexual harassment" by Wymer, plaintiff is informed that "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).

For these reasons, the undersigned finds that plaintiff has failed to demonstrate he was under imminent danger of serious physical injury when he filed the complaint in this action. Because this action does not come within the exception created by Section 1915(g), it is the recommendation of this court that plaintiff be required to submit the full filing fee in order to proceed.

### III. Request for Appointment of Counsel

Plaintiff requests appointment of counsel due to the alleged complexities of this case, including the necessity to identify the Doe defendants. See ECF No. 16.

District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's motion for appointment of counsel is premature. The court is unable to assess the potential merits of plaintiff's claims or plaintiff's likelihood of success on those claims unless he first pays the filing fee so that this action may be screened pursuant to 28 U.S.C. § 1915A.[3] Accordingly, plaintiff's motion for appointment of counsel will be denied as premature.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, ECF No. 16, is denied without prejudice as premature.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 15, be denied with prejudice under 28 U.S.C. § 1915(g).

2. Plaintiff be directed to submit, within fourteen (14) days after the district judge adopts these findings and recommendations, the full filing fee of $400.00; failure to timely comply with this directive should result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

---

[3] Plaintiff is informed, however, that his requests for injunctive relief – a change in his classification status and transfer to another prison – are not cognizable under Section 1983. The Constitution does not guarantee a prisoner placement in a particular prison or protection from transfer to another institution. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976); see also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights). Similarly, prisoners have no constitutional right to a particular security classification. See Meachum, 427 U.S. at 224-25; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (applied to federal prisoners); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (a raised classification score does not implicate a state-created liberty interest).

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: January 25, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE